# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE PETTAWAY, | ) | |
|     Plaintiff, | ) | Civil Action No. 18-281E |
| | ) | |
| v. | ) | |
| | ) | |
| SUP'T MICHAEL CLARK, | ) | District Judge Susan Paradise Baxter |
|     Defendant. | ) | |

## MEMORANDUM OPINION

District Judge Susan Paradise Baxter

Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 4] will be denied in accordance with 28 U.S.C. § 1915(g) and this case shall be closed until such time as Plaintiff pays the full filing fee of $400.00[1].

Plaintiff Wayne Pettaway, currently incarcerated within the State Correctional System of Pennsylvania, presented this civil case against Superintendent Michael Clark. Plaintiff titles his initial filing as an "Injunction/Writ of Mandamus" and alleges:

> And now come Wayne Pettaway humbly submitting by the Act of Congress that the Constitution of American [sic] thee United State [sic], which the Act of Congress duly authorizes that I am allowed to present my petition too [sic] the Clerk of United States Western District for Superintendent Michael Clark to answer why he has violated 4, 5, 6, 7, 8, 13, 14, Const. and Federal Statute Judiciary Judicial 42 U.S.C. 8701[,] 8702[,] 8703[,] 8704[,] 9101[,] 9102[,] 9103[,] 9104[,] 9501[,] 9502[,] 9721[,] 9764 – kidnapping 9301[,] 9302 unlawful restraint – criminal contempt civil contempt disrespect to the authority of the court, for the past 2006 vacated burglary that aggravated the mandatory [sic]

---

[1] There is a filing fee of $350.00 and an administrative fee of $50.00. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. If *in forma pauperis* status is denied, the plaintiff will be required to pay $400. Thus, Plaintiff will be required to pay the full $400.00 if he wishes to proceed with this matter.

1

> sentence, by Donna Jo McDaniel President Judge or the court order release by Superior Court…"

ECF No. 1, pages 1-2. Plaintiff seeks leave to prosecute *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 4.

In a filing captioned as "Equity Relief" and made the day after the complaint was initially lodged, Plaintiff focuses on an unspecified 1953 Act that has allegedly never been implemented evenly when "sentencing different classes of people," but also mentions "denial of serious medical need – Hep-C treatment – tampering with high blood pressure medicine, tampering with medication period, causing sleep deprivation delusional state of mind [sic], causes explosive personality, anger, rage for lack of sleep…" ECF No. 3, page 1.

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. § 1915 to provide:

> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff has been a prolific filer in this federal court. At least three of Plaintiff's prior lawsuits have been dismissed as legally frivolous or for failure to state a claim upon which relief may be granted: Pettaway v. SCI Albion, C.A. No. 11-158Erie; Pettaway v. SCI Albion, C.A. No. 12-1396 (Third Circuit); Pettaway v. State of Pennsylvania, C.A. No. 13-1551Pittsburgh; Pettaway v. District Attorney Zappala, C.A. No. 15-1431Pittsburgh; Pettaway v. Overton, C.A. No. 13-213Erie; and Pettaway v. Overton, C.A. No. 15-2156 (Third Circuit).

2

An indigent inmate may overcome the "Three Strikes Rule" if he can show that he is under "imminent danger of serious physical injury." Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (interpreting imminent danger). See also Brooks-Bey v. Schmerfelt, 2011 WL 1398472, at *3 (M.D. Pa. March 21, 2011).

There are no factual allegations in Plaintiff's self-titled "injunction/writ of mandamus" that indicate that Plaintiff is in any imminent danger.[2] Moreover, the passing reference to denial of medical treatment in Plaintiff's filing entitled "Equity Relief" is also insufficient to show that Plaintiff is under imminent danger of serious physical harm as Plaintiff does not indicate what treatment was denied, whether it continues to be denied, or how any denial of treatment places him in imminent danger. See Santiago v. Superior Court of Pennsylvania, 2013 WL 6493095, at *4 (M.D. Pa. 2013) ("To satisfy the imminent danger element, the Plaintiffs must allege facts showing that they were in imminent danger at the time the complaint was filed. We find that Plaintiff has failed to allege any real and present dangers to his health 'which are about to occur at any moment or are impending.'") citing Abdul-Akbar, 239 F.3d at 312.[3]

Because of these prior dismissals, and because Plaintiff has not alleged that he is in imminent danger of serious physical injury, Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 4] will be denied in accordance with 28 U.S.C. § 1915(g) and this case shall be closed until such time as Plaintiff pays the full filing fee of $400.00. In accordance with

---

[2] It is a plaintiff's burden to prove entitlement to *in forma pauperis* status. Robert v. Walls, 2011 WL 1599652, at *1 (W.D. Pa. March 14, 2011) citing White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996).

[3] Plaintiff has filed another civil action at C.A. No. 18-285E challenging the denial of Hepatitis C treatment and seeking immediate treatment. Despite Plaintiff's previous three strikes, Plaintiff will be allowed to proceed in forma pauperis in that case.

Brown v. Sage, 903 F.3d 300, 307 (3d Cir. Sept.7, 2018), Plaintiff's complaint/writ will remain lodged.

      An appropriate Order follows.